### WHITE et al. v. BLIGH et al.

(Supreme Court, Appellate Term. May 18, 1911.)

Money Lent (§ 7*)—Grounds.

    A seller for future delivery, after the sale, requested the buyer to arrange a credit in a bank for the price, in order to help him out. The buyer, in response, agreed to permit the seller to draw on him at one month's date. The seller drew a draft, and the buyer accepted by note for a part and by check for the balance. The seller failed to deliver. *Held*, that the money paid by check was not a deposit or part payment on the contract of sale, but was a loan, and the buyer was entitled to recover the same.

    [Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 11–13; Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by William N. White and another against Howard Bligh and others, composing the firm of Howard Bligh & Sons. From a judgment dismissing the complaint, rendered after trial by the court without a jury, plaintiffs appeal. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Charles Caldwell, for appellants.
Waldo & Ball (Le Roy D. Ball, of counsel), for respondents.

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BIJUR, J.   White sues for '$500, loaned to Bligh.   Bligh, under a general denial, contends that the transaction was not a loan, but part payment of a claim against White.   This case covers a half of one transaction, the other half of which was before this court on appeal in the February term, 1911, on an action brought by one Tileston, as assignee of Bligh, to recover from White on a note for $500.  On that appeal a judgment in favor of White was affirmed; the court finding that the transaction was a loan, and not a payment.

The testimony, consisting mainly of letters and telegrams, shows that Bligh had entered into a contract for the sale of certain apples for future delivery to White.   There was no agreement for an advance payment, or for the deposit of security in advance.   Bligh asked White to deposit $1,000.   This was refused.   On December 9, 1908, Bligh wrote White:

"We wish you would arrange a credit to be placed in the Bank of Montreal on this purchase; and we wired you yesterday if we could draw on you at 30 days' date for $1,000.   We have to hold these apples some time, and of course it takes money to do this, as we have paid spot cash for every barrel of them.  .We would like you to do this to finance the deal a bit."

In reply White telegraphed and wrote:

"You may draw at one month's date."

Bligh drew a draft on White for $1,000 at 30 days, which White accepted and honored by a note for $500 and a check for a like amount. This note was the subject of the former suit, and the $500 paid by check of the present.

It is clear from the correspondence, and without going into the subsequent failure of Bligh to deliver under his contract, that the $500 in suit was not given as a deposit, or as a part payment on the contract, but as a loan.   This check, as well as the note in the prior suit, were clearly given for the accommodation of Bligh, and no consideration passed.

The judgment below must therefore be reversed, and a new trial ordered, with costs to appellants to abide the event.   All concur.